**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT – DAYTON**

| | | |
|---|---|---|
| KATHLEEN A. McCARTHY | : | |
| 1676 East Tamarron Court | | |
| Springboro, Ohio 45066, | : | |
| | | |
| Plaintiff, | : | Case No. 3: 10-cv-00319 |
| | | |
| v | : | Judge Thomas M. Rose |
| | | Magistrate Judge Michael J. Newman |
| AMERITECH PUBLISHING, INC. | : | |
| d/b/a AT&T ADVERTISING SOLUTIONS | | |
| c/o Statutory Agent, CT Corporation | : | |
| 1300 East Ninth Street | | |
| Cleveland, Ohio 44114 | : | |
| | | |
| and | : | |
| | | |
| AT&T, INC. | : | |
| c/o The Corporation Trust Company, | | |
| Statutory Agent | : | |
| Corporation Trust Center | | |
| 1209 Orange Street | : | |
| Wilmington, Delaware  19801 | | |
| | : | |
| Defendants. | | |

_____

**STIPULATION AND PROTECTIVE ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

**WHEREAS**, Plaintiff and Defendants in the above-captioned action may seek discovery

or documents, information, or other materials that may contain non-public, confidential,

competitively-sensitive, or proprietary information of another party or of a third party;

**WHEREAS**, Plaintiff and Defendants wish to ensure that confidential information shall

be used only for the purposes of this action and shall not be disclosed or used in any other way;

**WHEREAS**, the parties have stipulated and agreed to the terms, and jointly moved this

Court for entry of the following Protective Order, and the Court having found that, in light of the

nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order;

**IT IS ORDERED** that this Protective Order ("Order") shall be entered and limit the disclosure and use of certain discovered information in the above-captioned action (the "Litigation") as hereinafter provided:

1.    Scope

a.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, discovery response or otherwise ("Discovery Material"), by any party in this Litigation (the "Producing Party") to any other party (the "Receiving Party") when the same is designated using the procedures set forth herein. This Order is binding upon the parties to the Litigation, as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

b.    Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony it gives in this proceeding, which it believes in good faith constitutes, reflects or discloses its confidential and proprietary information, including (i) financial data, marketing and advertising data or plans, strategic or long-range plans, or internal cost, wage, salary, compensation, recruiting and retention data, (ii) non-public private information relating to individuals, such as employee names, social security numbers, home addresses and/or telephone numbers, and (iii) other information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Information").

c.     Any Confidential Information which a Producing Party believes to be extremely sensitive, confidential, and/or proprietary information, the disclosure of which, even limited to the restrictions placed on the Confidential Information in this Order, would compromise and/or jeopardize the Producing Party's competitive business interests ("Highly Confidential Information") may be designated as "Highly Confidential" by the Producing Party.

d.     Any party to this Litigation and any third party may designate as Confidential or Highly Confidential documents or information produced by any other party or any third party if such documents or information contain their Confidential Information as described in Paragraph 1.b, above.  The designating party shall be deemed a Producing Party for purposes of this Order.

e.     A Producing Party's designation of information as "Confidential" or "Highly Confidential," shall constitute a representation for purposes of any applicable professional standards of conduct and guidelines applicable to the parties and their counsel in this action that the Producing Party has reviewed the document, material or information and has a valid and good faith basis for the designation.

f.     Upon written request, counsel for the Party producing a document containing Confidential Information or designating testimony as "CONFIDENTIAL" will provide a written statement explaining the basis for claiming the document or testimony is confidential.  The written statement shall be submitted within fifteen (15) days after receipt of the request.

2.     Designation of Confidentiality

Documents or information may be designated "Confidential" or "Highly Confidential" in the following ways:

a.　A Producing Party shall, if appropriate, designate specific documents as: (i) "Confidential" by marking the first page and each subsequent page of the document containing any Confidential Information with the legend "CONFIDENTIAL" or (ii) "Highly Confidential" by marking the first page and each subsequent page of the document containing any Highly Confidential Information with the legend "HIGHLY CONFIDENTIAL." All documents produced or disclosed during discovery in this Litigation shall be identified by Bates numbers and, to the extent practical, the appropriate designation shall be placed near the Bates numbers.

b.　A Producing Party shall designate interrogatory answers and responses to requests for admissions as "Confidential Information" or "Highly Confidential Information" by stating or specifying that the answers or responses or specific parts of them are "Confidential" or "Highly Confidential," and by placing the following legend on each page of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."

c.　In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential Information as "Confidential" or "Highly Confidential" by making a statement to such effect on the record in the course of the deposition or by letter within 21 calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as "Highly Confidential" under this Order until the expiration of the 21-day period for designation. The

following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION." If all or part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the video container shall be labeled with the legend provided for in paragraph 2(a) above. When a deposition transcript contains Confidential or Highly Confidential Information, the Producing Party shall request the stenographic reporter to separate those portions of the transcript containing Confidential Information or Highly Confidential Information and bind them separately from the non-confidential portions.

d.      To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic or magnetic media) ("Computerized Material"), the Producing Party may designate such material as "Confidential" or "Highly Confidential" by cover letter referring generally to such matter or by affixing to such media a label containing the appropriate legend. Whenever a Receiving Party reduces electronically stored information designated as "Confidential" or "Highly Confidential" to hard-copy form, the Receiving Party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above. Whenever any Confidential or Highly Confidential Computerized Material is copied into another form, the Receiving Party shall also mark those forms with the legend provided for in paragraph 2(a) above.

e.      To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system information designated "Confidential" or "Highly Confidential" that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those

persons who, by the terms of this Order, may have access to Confidential Information and/or Highly Confidential Information and will affix to any media containing such information a label with the legend as provided for in paragraph 2(a) above.

3.     Filing of Confidential Information

All documents and materials containing Confidential or Highly Confidential Information that are filed with the Court shall be filed under seal pursuant to the ECF System.

If any party objects to identified portions of the materials remaining under seal, it shall state its objections in a faxed or electronically delivered letter to counsel for all parties in this Litigation.  The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. A revised public electronic filing, if any, of that submission shall be made by the submitting party within six business days after the Court's decision resolving that dispute.

4.     Use of Confidential or Highly Confidential Information

a.     Confidential or Highly Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than conducting this Litigation, and in no event shall Confidential or Highly Confidential Information be used for any business, competitive, personal, private, public, organizational or other labor or employee relations purpose.

b.     Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents or its own Confidential Information or Highly Confidential Information for any purpose.  The Producing Party may withdraw or modify any designation.

5.      Disclosure of Confidential Information

Access to information designated as "Confidential" pursuant to this Order shall be limited to:

a.      The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel), recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

b.      Special masters and mediators or other individuals engaged or consulted in settlement of the Litigation;

c.      Outside counsel of record for the parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

d.      Any Party and any Party's employee(s) and/or agent(s) who, in the judgment of the Party's counsel, are reasonably necessary for development and presentation of that Party's case;

e.      Any third-party person who, in the judgment of the Party's counsel, has personal knowledge or information concerning the Confidential Information and is reasonably necessary for development and presentation of that Party's case;

f.      Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation;

g.      Any individual expert or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for that individual expert or

expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that (i) such disclosure shall be made only to an individual expert, or to such members, partners, employees or agents of an expert consulting firm as such expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Litigation; (iii) the individual and/or a representative of each expert consulting firm sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm; and (iv) excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is not a current or former (within the past year from the date of this Order) employee of any party or any entity which directly or through a parent, subsidiary, principal, agent, or affiliate competes with the Defendant.

      h.     Any person who (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person, (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled to have access in connection with his or her employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment or (iv) is referred to in the material, but only as to the specific material in which such person is referenced, discussed, or mentioned: and

      i.     Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access.

      6.     <u>Disclosure of Highly Confidential Information</u>

Access to information designated as "Highly Confidential" pursuant to this Order shall be limited to:

a. The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel), recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

b. Special masters and mediators or other individuals engaged or consulted in settlement of the Litigation;

c. Outside counsel of record for the parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

d. Any party and any party's employee(s) and/or agent(s) who, in the judgment of the Party's counsel is reasonably necessary for development and presentation of that Party's case;

e. Any third-party person who, in the judgment of the Party's counsel, has personal knowledge or information concerning the Highly Confidential Information and is reasonably necessary for development and presentation of that Party's case;

f. Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation;

g. Any individual expert or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for that individual expert or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of

record in the prosecution or defense of this Litigation, provided, however, that (i) such disclosure shall be made only to an individual expert or the Designated Expert Personnel; (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Litigation; (iii) the individual and each of the Designated Expert Personnel sign the written assurance attached as Exhibit A; and (iv) excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is neither (a) a current or former (within the past year from the date of this Order) employee of any party or any entity which directly or through a parent, subsidiary, principal, agent, or affiliate competes with any of the Defendants;

h.      Any person who (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person (provided that the document has not been altered since that person authored or received the material), (ii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment, or (iii) is referred to in the material, but only as to the specific material in which such person is referenced, discussed, or mentioned; and

i.      Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access.

7.      Notification of Protective Order

a.      Confidential Information or Highly Confidential Information shall not be disclosed, described or otherwise made available to an individual expert or expert consulting firm described in Paragraphs 5(e) or 6(e), unless that expert or firm has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A. The originals of such Agreement shall be maintained by counsel for the party who obtained them until the final

resolution of this Litigation and shall be produced to the other party at the time the party produces its expert reports and responds to expert discovery. This prohibition includes disclosure of the actual confidential material or the information contained in the material, including, but not limited to, any disclosure by counsel or experts.

b. Confidential Information or Highly Confidential Information shall not be disclosed to non-party persons except as set forth in this Protective Order unless (1) such persons are first provided with a copy of this Order and (2) disclosing counsel first advises them that they are bound by the provisions of this Order.

8. Use of Confidential or Highly Confidential Information in Court

a. If any Receiving Party plans to utilize any Confidential or Highly Confidential Information at a court hearing, that Receiving Party will use reasonable efforts to inform the Producing Party of its intent to use such information at least twenty-four (24) hours in advance of the hearing. If no such advance notice is given, the Receiving Party will provide the Producing Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential or Highly Confidential Information before reference is made to any such Confidential or Highly Confidential Information on the record.

. In the event that any information designated as "Confidential" or "Highly Confidential" is used in any Court proceeding in this Litigation or any appeal, it shall not lose its status as "Confidential" or "Highly Confidential" through that use.

b. The rules governing the use of Confidential and Highly Confidential Information at trial shall be determined at a future date.

9. Objections to Designations

A party is not required to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party objects to the designation of any material under this Order, that party may ask the Court for an Order removing the designation with respect to the challenged discovery materials.

10.     Preservation of Rights and Privileges

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. This Order shall not be construed as a waiver by any party of any claim that information or documents sought in a discovery request is non-discoverable under the law. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information or Highly Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

11.     Return or Destruction of Materials

Within sixty (60) business days after the final resolution of this Litigation, a Receiving Party shall return all Confidential or Highly Confidential Information to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has been destroyed. Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, even if they contain Confidential or Highly Confidential Information, so long as they are clearly marked to reflect that they contain information subject to this Order.

12.    Correction of Designation and Clawback

a.    A Producing Party that fails to designate Discovery Material as "Confidential" or "Highly Confidential" at the time of its production shall be entitled to make a correction to its designation.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. Upon receipt of a notice of correction, the Receiving Party shall place the appropriate marking on the document to reflect its altered confidentiality status and certify that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the misdesignated discovery material prior to notice of the misdesignation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the misdesignated materials.

b.    A Producing Party that inadvertently produces any document or other information during discovery in this Litigation that the Producing Party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information.  Upon receipt of a written request for return by the inadvertently Producing Party, the Receiving Party shall (a) promptly return the original and all copies of the documents, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below.  In the event the Receiving Party objects to the return of the document, the Receiving Party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery.  All materials related to the inadvertently produced document or

information, and motion, shall be treated as Highly Confidential pursuant to this Order, unless otherwise ordered by the Court. The Receiving Party may retain the produced document or information until the Court resolves the motion. Upon receiving such a notice, the Receiving Party shall not use the document or information for any purpose other than the motion except upon further order of the Court. If the Receiving Party disclosed the document or information before being notified, it must notify the Producing Party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

       c.     If Confidential or Highly Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Producing Party of the Confidential or Highly Confidential Information and make every reasonable effort to retrieve that Confidential or Highly Confidential Information and to prevent further disclosure.

13.     Limitation on Scope of this Order

The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents.

14.     No Admission

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

15.     <u>Continuing Force of this Order</u>

Upon final resolution of this Litigation, the provisions of this Order shall continue to be binding on all parties. This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final resolution of this Litigation.

16.     <u>Modification of Order</u>

This Order is binding on all parties to this Litigation and on all non-parties who have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.  This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

Nothing in this Order shall prevent a Producing Party from seeking further, greater, or lesser protection with respect to the use of any Confidential or Highly Confidential Information, or seeking to prevent Confidential or Highly Confidential Information from being provided to persons described in paragraphs 5 and 6 of this Order.

17.     <u>Applicability to Future Actions</u>

The terms of this Order shall he binding, upon all current and future parties to this Litigation and their counsel.

Per authority of *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal.

**IT IS SO ORDERED**.


                                                    S/ MICHAEL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE

Dated:    February 8, 2012



Stipulated to and approved by:


 /s/ Karen T. Dunlevey_____          __/s/ Terrence J. Miglio _____
Karen T. Dunlevey (0067056)                        *per e-mail notification 2/2/12*
Amy L. Long (0082905)                              Terrence J. Miglio  (P30541)
Attorneys for Plaintiff                            Barbara E. Buchanan  (P55084)
BlESER, GREER & LANDIS LLP                         Attorneys for Defendant
400 PNC Center, 6 North Main Street                KELLER THOMA, P.C.
Dayton, Ohio 45402-1908                            440 East Congress, 5th Floor
(937) 223-3277                                     Detroit, Michigan 48226
ktd@bgllaw.com                                     (313) 965-7610
aml@bgllaw.com                                     tjm@kellerthoma.com
                                                   beb@kellerthoma.com

## **EXHIBIT A**

I hereby certify (i) my understanding that Discovery Material containing Confidential Information or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *McCarthy v. Ameritech Publishing, Inc., et al*, United States District Court, Southern District of Ohio, Case No. Case No. 10-cv-00319; and (ii) that I have received and read the Order, I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____  

Name: _____

Address: _____

Signature: _____