UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KATHLEEN A. McCARTHY,

   Plaintiff,

-v-

AMERITECH PUBLISHING, INC., et al.,

   Defendants.

Case No. 3:10-cv-319

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. #68)**

---

Now before the Court is a Motion for Reconsideration (doc. #68) filed by Defendants Ameritech Publishing, Inc. ("API") and AT&T, Inc. ("AT&T") pursuant to Fed. R. Civ. P. 59. Therein the Defendants argue that, at the time of API's denial of Plaintiff's Request To Admit No. 10, the only information available to API supported API's belief that McCarthy was not eligible for retirement health benefits. They also argue that AT&T should not be sanctioned because AT&T was not a party to the underlying action at the time, was not served with the requests to admit and did not respond.

McCarthy has responded to Defendants' Motion for Reconsideration and the time has run and the Defendants have not replied. This motion is, therefore, ripe for decision.

Motions for reconsideration are construed as Fed. R. Civ. P. 59(e) motions to alter or amend judgment. *Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201, 206 (6th Cir. 1990). Motions to alter or amend judgment may be granted if there is a clear error of law, if there is newly discovered evidence, if there is an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804,

834 (6th Cir. 1999).

In the Order that the Defendants ask this Court to reconsider, the Court found that the Defendants would be sanctioned for failing to admit to Request To Admit No. 10. This was based upon evidence that Dwight Cameron knew on August 19, 2008, that McCarthy was eligible for retirement health benefits if her employment ended in August of 2008.

The Defendants now argue that, at the time of the denial of McCarthy's Request To Admit No. 10, on January 27, 2011, the only information available to API supported API's belief that McCarthy was not eligible for retirement health benefits. However, API apparently did not engage in a reasonable inquiry because an email dated August 19, 2008 indicates that Dwight Cameron knew that McCarthy was eligible for retirement health benefits.

The Defendants also assert that the Court's conclusion is based on inaccurate assertions, if not misrepresentations, by McCarthy's counsel that API had the documents and information regarding the email at the time it responded to Request To Admit No. 10. Whether or not API had the email is irrelevant. The email was available for API to find if it conducted a reasonable inquiry as is required when responding to a request to admit.

The Defendants have not identified a clear error of law, newly discovered evidence, an intervening change in controlling law or a manifest injustice. Therefore, this branch of their Motion for Reconsideration is OVERRULED.

The Defendants next assert that AT&T should not be sanctioned because AT&T was not a party to the underlying action at the time Request To Admit No 10 was denied. McCarthy offers no argument in response to this assertion.

Request To Admit No. 10 was denied on January 27, 2011, and AT&T was added as a

party on July 11, 2011. Therefore, based upon the record, AT&T was not a party when Request To Admit No. 10 was denied, and AT&T should not be sanctioned for failing to admit to Request To Admit No. 10.

This branch of Defendants' Motion for Reconsideration is GRANTED. AT&T will not be sanctioned for failure to admit to Request To Admit No. 10.

**DONE** and **ORDERED** in Dayton, Ohio this Eighth Day of August, 2012.

                                                  **s/Thomas M. Rose**

                                                  THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record