UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KATHLEEN A. McCARTHY,

       Plaintiff,

-v-

AMERITECH PUBLISHING, INC.,
et al.,

       Defendants.

Case No. 3:10-cv-319

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING IN PART AND OVERRULING IN PART McCARTHY'S MOTION FOR ATTORNEYS' FEES AND EXPENSES (Doc. #74); AWARDING ATTORNEYS' FEES AND EXPENSES TO McCARTHY IN THE AMOUNT OF $15,313.11 AND TERMINATING THIS CASE**

---

Now before the Court is Plaintiff Kathleen A. McCarthy's ("McCarthy's") Motion for Attorneys' Fees and Expenses. (Doc. #74.) This Motion is now fully briefed and ripe for decision.

The underlying case arose from McCarthy's employment and subsequent retirement. She was employed by Defendant Ameritech Publishing, Inc. ("API"). Defendant AT&T, Inc. ("AT&T") is API's parent company and the administrator of certain pension and/or welfare benefit plans for API in which McCarthy participated.

A relevant procedural background will first be set forth followed by an analysis of McCarthy's Motion.

### RELEVANT PROCEDURAL BACKGROUND

The operative complaint in this matter was McCarthy's Second Amended Complaint ("SAC"). McCarthy's SAC identified eight (8) claims for relief. Her First Claim for Relief was against API for age discrimination in violation of the Age Discrimination In

Employment Act ("ADEA"), 29 U.S.C. § 623(a). Her Second Claim for Relief was against API for gender discrimination in violation of Title VII and Ohio Rev. Code § 4112. Her Third Claim for Relief was an ERISA claim against AT&T for failure to provide documents pursuant to 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1)(B). Her Fourth Claim for Relief was an ERISA claim against AT&T for wrongful denial of benefits. Her Fifth Claim for Relief was against API for fraudulent inducement. McCarthy's Sixth Claim for Relief was against API for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a). Her Seventh Claim for Relief was against API for promissory estoppel and her Eighth Claim for Relief was against API for unjust enrichment.

In Request To Admit No. 10, API was requested to admit that McCarthy would have been eligible to receive retirement medical benefits in August of 2008. Request To Admit No. 10 was denied by API on January 27, 2011. On May 10, 2012, API's counsel acknowledged that McCarthy was entitled to receive post-retirement medical benefits in August of 2008. (Affidavit of Karen T. Dunlevey ("First Dunlevey Aff.") ¶ 9 May 14, 2012.) This was confirmed by the deposition testimony of API's Rule 30(b)(6) corporate designee, LaRhonda Duncan, on May 11, 2012. (Id. at ¶ 10.)

McCarthy's SAC was filed on July 6, 2012. On November 23, 2012, the Court granted summary judgment to API and AT&T on the claims set forth in McCarthy's SAC. (Doc. #94.) McCarthy has subsequently appealed this determination.

On May 14, 2012, during the process of this litigation, McCarthy moved the Court for sanctions pursuant to Fed. R. Civ. P. 37(c)(2). (Doc. #38.) McCarthy sought sanctions against API and AT&T for failing to admit six statements presented as Requests for Admissions. This

-2-

Motion was granted in part and overruled in part on July 5, 2012. (Doc. #63.) The Defendants were sanctioned for failure to admit to Request To Admit No. 10. (Id.)

The Court later decided to not sanction AT&T because AT&T was not a party to the underlying action at the time, was not served with the requests for admissions and did not respond. (Doc. #76.) Thus, only API was sanctioned.

McCarthy was given until not later than August 4, 2012 to move for her reasonable attorneys' fees and expenses incurred in making the proof that she would have been eligible to receive post-retirement medical benefits in August of 2008. (Doc. #63.) On August 3, 2012, McCarthy filed the Motion for Attorneys' Fees and Expenses that is now before the Court. (Doc. #74.) API filed a response (doc #83) and McCarthy replied (doc. #83.)

An evidentiary hearing on McCarthy's Motion was held on November 6, November 20 and December 5, 2012. At the completion of the hearing, each Party was given until not later than January 10, 2012, to file a supplemental brief.

On January 10, 2012, API filed a supplemental memorandum (doc. #100) and McCarthy filed two (2) supplemental memoranda (docs. #101 and 102). The second was filed after McCarthy reviewed API's supplemental memorandum. Since only one supplemental brief per Party was authorized by the Court, McCarthy's second supplemental memorandum (doc. #102) will not be further considered. The matter of the amount of attorneys' fees and expenses to award McCarthy for API's failure to admit to Request To Admit No. 10 is, therefore, ripe for decision.

## ANALYSIS

McCarthy initially sought a total of $135,468.64 in attorneys' fees and expenses. (Doc. #74.) She increased that amount to $141,876.39 at the conclusion of the Hearing and has most

recently increased that amount to $153,688.39. (Plaintiff's Post-Hearing Brief, Ex. 2.) API responds that McCarthy is not entitled to attorneys' fees because the admission sought was of no substantial importance, because McCarthy did not make any proof of the matter denied and because McCarthy's Motion was filed and pursued in bad faith. API also earlier criticized McCarthy's claimed attorneys' fees and expenses.

### Scope of the Award

API argues that McCarthy is only entitled to reasonable expenses which are incurred in "making the proof" of the admission the opposing party improperly denied. McCarthy argues that she is entitled to attorneys' fees and expenses including the time she spent preparing and presenting a fee application.

Time spent preparing and presenting a fee application has been found by courts to be compensable in certain situations. *See i.e. Gonter v. Hunt Valve Co.*, 510 F.3d 610, 620 (6th Cir. 2007)(statute - Title VII); *In re Tenn-Fla* Partners, 226 F.3d 746 (6thCir. 2000)(fraud on the court); *United States v. Elsass*, 2012 WL 4482982 at *3 (S.D. Ohio Sep. 26, 2012)(failure to respond to interrogatories); *Moss v. Fairborn City Schools*, 3:08-cv-393 (S.D. Ohio Aug. 16, 2012)(failure to attend deposition); *Alloys International, Inc. v. Aeronca, Inc.*, 1:10-cv-293 (S.D. Ohio Nov. 13, 2012)(contract terms and conditions).

Courts have also awarded attorneys' fees and costs for preparing and presenting a fee application where the party opposing the award acted in bad faith. *First Bank of Marietta v. Hartford Underwriters Insurance Co.*, 307 F.3d 501, 512 (6th Cir. 2002)(citing *Big Yank Corp. v. Liberty Mutual Fire Insurance Co.*, 125 F.3d 308, 313 (6th Cir. 1997)). To award sanctions for acting in bad faith, a court must find that the claims advanced were meritless, that counsel knew

or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment. *Id.*

None of the cases identified award attorneys' fees and expenses for preparing and presenting a fee application for the situation presented here - a failure pursuant to Fed. R. Civ. P. 37(c)(2) to admit what was requested. Further neither party has identified a situation involving a violation of Rule 37(c)(2) where attorneys' fees and expenses are awarded for preparing and presenting a fee application and this Court is aware of none. Thus, this Court must turn to Rule 37 to determine if McCarthy is entitled to attorneys' fees and expenses for preparing and presenting a fee application for a failure pursuant to Fed. R. Civ. P. 37(c)(2) to admit what was requested.

Rule 37(c)(2) provides for sanctions for failure to admit. Specifically Rule 37(c)(2) provides that:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
>     (A) the request was held objectionable under Rule 36(a);
>     (B) the admission sought was of no substantial importance;
>     (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter, or
>     (D) there was other good reason for the failure to admit.

Thus, Rule 37(c)(2) authorizes a court to award the attorneys' fees and expenses incurred in "making the proof" of a fact that an opposing party failed to admit when requested to do so. Other provisions of Rule 37 authorize a court to award payment of reasonable expenses "caused by the [discovery] failure." Fed. R. Civ. P. 37(b)(2)(C), 37 (c)(1)(A) and 37(f). Thus, the scope

-5-

of the sanctions provided by Rule 37(c)(2) differs from the scope of the sanctions authorized for other discovery transgressions.

By definition, expenses "caused by the failure" include expenses for preparing and presenting a fee application and courts have awarded expenses for preparing and presenting a fee application in situations where the "caused by the failure" language applies. However, no caselaw has been identified regarding whether or not courts have awarded attorneys' fees and expenses for violations of Rule 37(c)(2) where attorneys' fees and expenses are awarded for "making that proof." Further, the language regarding awards of attorneys' fees and expenses is different depending upon which paragraph or subparagraph of Fed. R. Civ. P. Rule 37 has been violated. In sum, there is no authority for awarding attorneys' fees and expenses for preparing and presenting a fee application for a violation of Rule 37(c)(2). Thus, this Court will award attorneys' fees and expenses to McCarthy for making the proof that she was entitled to post-retirement medical benefits in August of 2008. The Court will not award attorneys' fees and expenses to McCarthy for preparing and presenting her fee application.

## The Amount of the Award

When determining an award of attorneys' fees, this Court uses the lodestar amount. The lodestar amount is a reasonable hourly rate times a reasonable number of hours worked. *Imwalle v. Reliance Medical Products, Inc.,* 515 F.3d 531, 551 (6th Cir. 2008); *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006). The result is the lodestar amount which is the reasonable fee to which counsel is entitled. *Imwalle*, 515 F.3d ast 552.

### Reasonable Hourly Rate

The Court has a broad discretion in determining what constitutes a reasonable hourly

rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), *abrogated on other grounds*. However, the reasonable hourly rate is generally the prevailing market rate in the relevant community. *Blum v. Stenson,* 465 U.S. 886, 895 (1984). The prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record.[1] *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). However, courts may look to other markets, such as a national market, an area of specialization or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Organization v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

The reasonable hourly rate must be adequately compensatory to attract competent counsel yet must avoid producing a windfall for lawyers. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). "In most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney." *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 638 (6th Cir. 1979). However, the reasonable hourly rate is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation. *Gonter*, 510 F.3d at 618.

In this case, McCarthy is seeking hourly rates of $260 to $280 per hour for attorney Karen Dunlevey, associate attorneys at $200 per hour, a partner at $250 per hour and paralegals

---

[1] An attorney's customary client billing rate is one reliable indicator of that attorney's prevailing market rate in the applicable venue. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995).

at $100 to $110 per hour. (Affidavit of Karen T. Dunlevey ("Second Dunlevey Aff.") ¶ 10 Aug. 3, 2012.) The reasonableness of these hourly rates is corroborated by David P. Pierce, Esq. who attests that these hourly rates are "reasonable, appropriate and comparable to the rates charged by lawyers of comparable skill and experience within the relevant community." (Affidavit of David P. Pierce, Esq. ¶ 13 Aug. 1, 2012.) Finally, API has offered no opposition to these hourly rates. Therefore, the Court finds that the hourly rates sought by McCarthy are reasonable.

**Reasonable Number of Hours**

The Court must next determine the reasonable number of hours expended by McCarthy for making the proof that she was entitled to post-retirement medical benefits in August of 2008. When determining the reasonable number of hours, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990*)*.

The documentation provided in support of the hours charged must be sufficiently detailed to enable the court to determine, with a high degree of certainty, that such hours were actually and reasonably expended. *Bench Billboard Company v. City of Toledo*, 759 F. Supp.2d 905, 913 (N.D. Ohio 2010)(citing *United Slate Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, n.2 (6th Cir. 1984)), *reversed in part on other grounds*.) Where the documentation is inadequate, the court may reduce the award accordingly. *Id.* (citing *Hensley*, 461 U.S. at 433)).

API denied Request To Admit No. 10 (that McCarthy was eligible to receive post-

-8-

retirement health benefits in August of 2008) on January 27, 2011. On May 10, 2012, API's counsel acknowledged that McCarthy was entitled to receive post-retirement medical benefits in August of 2008. Thus, the Court must determine the reasonable number of hours expended by McCarthy between January 27, 2011, and May 10, 2012, for making the proof that she was entitled to post-retirement medical benefits in August of 2008.

The Court will perform this analysis using the billing records submitted by McCarthy. (Attorneys' Fees Hearing, Exs. 1 through 4; Plt. Post Hrg. Brief Ex. A.) The billing records submitted by McCarthy include Draft Prebill No. 75902 for legal services rendered through June 30, 2012, Invoice No. 53019 which adds the legal services provided through July 30, 2012, Invoice No. 53025 which adds legal services provided through August 31, 2012, Invoice No. 53885 which adds legal services through November 4, 2012; and Draft Prebill No. 78254 which adds legal services through January 9, 2013.

As determined above, the Court will not consider hours expended after May 10, 2012. Therefore, the Court need only consider Draft Prebill No. 75902.

The time entries on Draft Prebill No. 75902 that apply to making the proof that McCarthy was entitled to post-retirement medical benefits in August of 2008 are categorized into four (4) areas: (1) the review of discovery documents and the filing of a Motion To Compel; (2) the filing of the SAC; (3) the preparation for and taking of depositions and (4) other entries that are compensable but do not fall into one of the first three categories. As more fully set forth below, only a percentage of time falling into each of the categories is considered to be hours expended for making the proof that McCarthy was entitled to post-retirement medical benefits in August of 2008.

Review of Discovery and Filing of Motion To Compel

McCarthy served multiple discovery requests to API and presumably API served discovery requests to McCarthy. This exchange of discovery resulted in McCarthy's filing of a Motion To Compel on September 23, 2011. (Doc. #25.)

McCarthy's Motion To Compel argues that deficiencies exist in API's and AT&T's responses to discovery requests and asks for the intervention of the Court. The deficiencies identified are eleven (11) interrogatories directed to API, three of which relate to McCarthy's entitlement to post-retirement medical benefits, eighteen (18) Requests for Production to API, one (1) of which relates to McCarthy's entitlement to post-retirement medical benefits, six (6) Requests for Admissions to API, one (1) of which relates to McCarthy's entitlement to post-retirement medical benefits, one (1) Interrogatory to AT&T which involves McCarthy's entitlement to post-retirement medical benefits, one (1) Request for Production to AT&T which relates to McCarthy's entitlement to post-retirement medical benefits and a request to produce a privilege log. A hearing was held following which the Court granted in part and denied in part McCarthy's Motion To Compel. (Doc. #31.)

In sum, McCarthy's Motion To Compel argues that there are deficiencies in a total of thirty-eight (38) items of discovery. Of the thirty-eight (38) deficiencies that McCarthy identifies, seven (7), or roughly 20%, conservatively relate to McCarthy's entitlement to post-retirement medical benefits in August of 2008.

Assuming very conservatively that each item of discovery reviewed by McCarthy was objectionable, a maximum of 20% of McCarthy's time reviewing discovery relates to her entitlement to post-retirement medical benefits. Thus, 20% of McCarthy's time spent reviewing

discovery and filing and adjudicating her Motion To Compel is a reasonable number of hours expended for making the proof that she was entitled to post-retirement medical benefits in August of 2008.

### Filing of SAC

McCarthy obtained leave of Court and filed her SAC. She argued that she should be permitted to file the SAC because she then had, for the first time, a good-faith basis for asserting additional ERISA claims. She also argued that she should be permitted to file the SAC because emails that were produced on May 10, 2012, give rise to a new claim of fraudulent inducement against API.

McCarthy's SAC added two claims, one against AT&T for a wrongful denial of benefits and one against API for fraudulent inducement. Both of these claims relate to McCarthy's eligibility for post-retirement medical benefits. However, as determined above, AT&T cannot be held responsible for API's failure to admit to Request To Admit No. 10. Therefore, 50% of the time expended to file the SAC is a reasonable number of hours expended against API for making the proof that McCarthy was entitled to post-retirement medical benefits in August of 2008.

### Depositions

Five depositions were taken between January 27, 2011 and May 10, 2012, those of McCarthy, David Evans, David Zawisa, Dedra Clark and Gary Winkler. In addition, two depositions were taken on May 11, 2012, those of Sharon McGee and LaRhonda Duncan. The depositions of Sharon McGee and LaRhonda Duncan are used in the determination of the factor to be applied because McCarthy arguably prepared for these depositions during the time period being considered. The time spent actually taking these two depositions is not included in the

calculation of the hours expended.

The factor to be applied to the total hours spent by McCarthy on depositions is determined by dividing the total number of pages of deposition on which McCarthy's post-retirement medical benefits are mentioned by the total number of pages of deposition. In the case of LaRhonda Duncan's deposition, the total number of pages filed is used instead of using the total number of pages of the deposition.

The total number of pages of deposition on which McCarthy's post-retirement medical benefits are mentioned is 37. The total number of pages of deposition is 618. As a result, the factor to be used is 0.06 or 6%. Thus, 6% of McCarthy's time spent preparing for and taking depositions is a reasonable number of hours expended for making the proof that she was entitled to post-retirement medical benefits in August of 2008.

### Other

This factor includes a variety of activities that McCarthy has identified that are related to proving that she was entitled to post-retirement medical benefits in August of 2008. Examples include office conferences and reviewing and updating pleadings.

All of these hours are reasonable for making the proof that she was entitled to post-retirement medical benefits. Thus, 100% of McCarthy's time expended in the "other" category is a reasonable number of hours expended for making the proof that McCarthy was entitled to post-retirement medical benefits in August of 2008.

### Award

The reasonable number of hours expended in each of the four (4) categories is summarized in appendices to this Entry and Order. Appendix A summarizes the hours and

dollars expended by various attorneys to review discovery and file the Motion To Compel. Appendix B summarizes the hours and dollars expended to file the SAC. Appendix C summarizes the hours and dollars expended on depositions. Appendix D summarizes the hours and dollars expended on other related matters.

Using the dollar amounts and the percentages to be applied to each category results in the following total dollar amounts expended by McCarthy in making the proof that she was eligible for post-retirement medical benefits. These total dollar amounts are based upon a reasonable number of hours times a reasonable hourly rate:

> Review Discovery and File Motion To Compel
> $51,012 X 20% = $10,202.40
>
> Filing of SAC
> $2,737 X 50% = $1,368.50
>
> Depositions
> $40,517 X 6% = $2,431.02
>
> Other
> $784 X 100% = $784.00

In sum, the total amount of the award to McCarthy for making the proof that she was entitled to post-retirement medical benefits in August of 2008 is $14,785.92. The amount of any expenses incurred is to be added to this amount.

McCarthy has submitted expenses for the period between January 27, 2011 and May 10, 2012 in the amount of $3,514.61. Since all of the hours claimed by McCarthy during this period are not compensable, all of the expenses claimed by McCarthy during this period are not compensable.

Roughly 15% of all of the dollars claimed by McCarthy during the period between

January 27, 2011 and May 10, 2010 are compensable. Therefore, she is entitled to 15% of the expenses claimed during that same time period. Thus, she is entitled to $527.19 for her expenses to make the proof that she was eligible to received post-retirement medical benefits in August of 2008.

## API's Arguments

API makes three arguments against an award of attorneys' fees. Each will be addressed seriatim.

### Admission Sought of No Substantial Importance

API first argues that the admission that McCarthy was entitled to post-retirement medical benefits in August of 2008 is of no substantial importance because it is not material to the case and because API was granted summary judgment.

Summary judgment has been granted to API. However, it is not necessary for a party to ultimately prevail on the merits to be able to obtain discovery sanctions. Also, this admission is material to the case. It is material to McCarthy's Fourth Claim for Relief for denial of ERISA benefits. If she was not eligible for post-retirement medical benefits, she could not have applied for them. It is also material to McCarthy's Fifth Claim for Relief for fraudulent indictment which requires a misrepresentation. Finally, this admission is relevant because it could have affected a jury's view of the credibility of key witnesses because they had arguably testified otherwise in their depositions. In sum, this argument is without merit.

### McCarthy Did Not Make any Proof of the Matter Denied

API next argues that McCarthy is not entitled to attorneys' fees and expenses because she did not make any proof of the matter denied. However, even though API ultimately agreed that McCarthy was entitled to post-retirement medical benefits, API initially denied that she was and

McCarthy expended resources to prove that she was. This argument, too, is without merit.

### McCarthy's Motion Filed and Pursued In Bad Faith

API's final argument is that McCarthy is not entitled to attorneys's fees and expenses because her Motion for Attorneys' Fees and Expenses was filed in bad faith because McCarthy claimed excessive amounts. However, McCarthy was entitled to file her Motion and the Court has determined above which amounts are to be awarded and which are not. Thus, this argument, too, is without merit.

### Conclusion

McCarthy is entitled to $14,785.92 for attorneys' fees and $527.19 for expenses for making the proof that she was entitled to post-retirement medical benefits in August of 2008. Therefore, the total award to McCarthy for attorneys' fees and expenses is $15,313.11. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Seventh Day of February, 2013.

                                                                    **s/Thomas M. Rose**

                                                                      THOMAS M. ROSE
                                                    UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record