UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KATHLEEN A. McCARTHY,

   Plaintiff,

-v-

AMERITECH PUBLISHING, INC., et al.,

   Defendants.

Case No. 3:10-cv-319

Judge Thomas M. Rose

### ENTRY AND ORDER AWARDING MCCARTHY $42,308.25 FOR PREPARATION AND PRESENTATION OF HER FEE APPLICATION

  This matter comes before the Court pursuant to a remand from the Sixth Circuit. This Court had granted in part and denied in part Plaintiff Kathleen A. McCarthy's ("McCarthy's") Motion for Attorneys' Fees and Expenses. *McCarthy v. Ameritech*, 289 F.R.D. 258 (S.D. Ohio 2013), *aff'd in part and rev'd in part by McCarthy v. Ameritech*, 763 F.3d 488 (6th Cir. 2014). The attorneys' fees and expenses sought were for making the proof of an issue relevant to the underlying case.[1]

  This Court awarded some attorneys' fees and expenses but declined to award attorneys' fees and expenses to McCarthy for preparing and presenting her fee application. *Id.* at 262. McCarthy appealed the amount of the award and sought the fees and expenses incurred to prepare and present her sanctions motion. API cross appealed.

---

[1]The underlying case arose from McCarthy's employment and subsequent retirement. She was employed by Defendant Ameritech Publishing, Inc. ("API"). Defendant AT&T, Inc. ("AT&T") is API's parent company and the administrator of certain pension and/or welfare benefit plans for API in which McCarthy participated.

The Sixth Circuit affirmed in part and reversed in part. 763 F.3d 488. This Court's decision was reversed to the extent that this Court did not award McCarthy the attorneys' fees and expenses incurred to prepare and present her fee application. *Id.* at 494.

On remand, the Parties were ordered to present briefs regarding the fees and expenses incurred to prepare McCarthy's fee application. (Doc. #115.) This they have now accomplished. (Docs. 116, 117 and 118.) An award of the attorneys' fees and expenses incurred to prepare and present the fee application is now ripe for determination by the Court.

McCarthy's requested attorneys' fees and expenses are presented in three categories: fees incurred in preparing the Motion for Sanctions; fees and expenses for preparation and presentation of the fee application; and fees and expenses for prosecution of the appeal of the Decision regarding the initial fee application.

**Fees and Expenses for Preparation of the Motion for Sanctions**

On May 14, 2012, McCarthy filed a Motion for Sanctions for Defendants' failure to admit certain facts. (Doc. #38.) On July 5, 2012, the Court determined that the Defendants should be sanctioned for failing to admit that McCarthy would have been eligible for health benefits if her employment had terminated in August of 2008.[2] (Doc. #63.) On August 3, 2012, as required by the Court, McCarthy filed a Motion for an award of reasonable attorneys' fees and expenses associated with making the proof that she would have been eligible for health benefits if her employment had terminated in August of 2008. (Doc. #74.) When deciding this Motion for Attorneys' Fee and Expenses, the Court determined that McCarthy could not receive the attorneys' fees and expenses associated with the preparation and presentation of the Motion for

---

[2]The Court later determined that only one of the Defendants, API, should be sanctioned.

Attorneys' Fees and Expenses, a decision which the Sixth Circuit later reversed. 289 F.R.D. at 262; 763 F.3d at 494.

The Sixth Circuit recognized that McCarthy moved for sanctions, but did not remand the matter for a determination of the amount of fees and expenses incurred to prepare and present the sanction's motion. 763 F.3d at 489. Instead, the Sixth Circuit expressly remanded this matter for a determination of the reasonable attorney's fees and expenses that McCarthy incurred in the preparation and presentation of her fee application. 763 F.3d at 494. Thus, the Court will not further consider any fees and expenses associated with the preparation of the Motion for Sanctions.

### Fees and Expenses for Prosecution of the Appeal

The Sixth Circuit did not award fees and costs associated with McCarthy's Appeal of this Court's decision regarding the fees and expenses as a sanction for failure to admit. 763 F.3d 488. Further, this Court does not have jurisdiction over aspects of this case involved in the appeal. *Nieves v. City of Cleveland*, 153 F. App'x 349, 354 (6th Cir. 2005). Therefore, the Court will not further consider any fees and expenses associated with the prosecution of McCarthy's appeal of this Court's Order regarding the fees and expenses. Remaining for consideration, then are McCarthy's attorneys' fees and expenses for preparation and presentation of her fee application for the fees associated with the sanction that she was awarded.

### Fees and Expenses for Preparation and Presentation of the Fee Application

McCarthy's initial request for her fees and expenses associated with the preparation and presentation of the fee application is for $67,706.25. Defendant API correctly noted two mathematical errors in this request which McCarthy acknowledged. Considering these

mathematical errors, McCarthy is requesting $42,548.25 for fees and expenses associated with the preparation and presentation of the fee application.

To determine the amount of fees that McCarthy incurred for the preparation and presentation of the fee application, the Court will use the lodestar amount. The lodestar amount is a reasonable hourly rate times a reasonable number of hours worked. *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008).

The Court has already determined that the hourly rates that McCarthy is seeking are reasonable. 289 F.R.D. at 263. Further, API has offered no opposition to these rates. Therefore, the Court turns to whether McCarthy has requested a reasonable number of hours.

But first, a review of the relevant dates is provided as a background to consideration of the hours for which McCarthy seeks to be reimbursed for preparation and presentation of the fee application. On July 5, 2012, the Court gave McCarthy thirty (30) days to file an application for the reasonable fees and expenses that she incurred in making the proof that she would have been eligible to receive retirement health benefits if her employment had terminated in August of 2008. (Doc. #63.) On August 3, 2012, she filed the fee application (doc. # 74), on August 24, 2012, API filed a response (doc. #79) and on September 10, 2012, McCarthy filed a Reply (doc. #83). A hearing on McCarthy's fee application was conducted on November 6, 2012. November 20, 2012, and December 5, 2012. The Parties filed post-hearing briefs on January 10, 2013. (Docs. 100 and 101.) On February 7, 2013, the Court partially granted McCarthy's request (doc. #103) and, on March 7, 2013, McCarthy appealed the partial grant (doc. #104). On March 19, 2013, API cross-appealed.

McCarthy seeks to be reimbursed for a total of 140.995 hours for preparation and

presentation of the fee application. She has provided an itemized listing of the activities performed to reach this total.

The Court has reviewed the hours and associated costs submitted by McCarthy for preparation and presentation of her fee application[3]. The following hours are reasonable and the final fees are based upon the already-approved hourly rates:

| Date | Time Keeper | Time | Fees | % | Final Fee |
|---|---|---|---|---|---|
| 7/5/12 | KTD | 3.6 | $1,008.00 | 50% | $504.00 |
| 7/13/12 | KTD | 2.1 | | | $588.00 |
| 7/19/12 | DAR | 2.0 | | | $220.00 |
| 7/20/12 | DAR | 1.5 | | | $165.00 |
| 7/20/12 | DAR | .1 | | | $11.00 |
| 7/20/12 | DAR | 1.8 | | | $198.00 |
| 7/20/12 | KTD | 6.7 | $1,876.00 | 75% | $1,407.00 |
| 7/23/12 | DAR | 5.3 | | | $583.00 |
| 7/23/12 | KTD | 2.5 | $700.00 | 75% | $525.00 |
| 7/24/12 | KTD | 5.6 | $1,568.00 | 75% | $1,176.00 |
| 7/25/12 | KTD | 2.3 | | | $644.00 |
| 7/26/12 | KTD | 5.2 | | | $1,456.00 |
| 7/29/12 | KTD | 2.8 | | | $784.00 |
| 7/30/12 | DAR | .4 | | | $44.00 |
| 7/30/12 | DAR | 1.3 | | | $143.00 |
| 7/30/12 | KTD | 1.0 | | | $280.00 |
| 8/1/12 | KTD | 2.8 | | | $784.00 |
| 8/2/12 | DAR | .5 | | | $55.00 |
| 8/2/12 | KTD | .9 | $252.00 | 25% | $63.00 |
| 8/3/12 | DAR | .1 | | | $11.00 |

---

[3]In this case, McCarthy is seeking rates of $280 per hour for attorney Karen Dunlevey, associate attorneys at $200 per hour, a partner at $250 per hour and paralegals at $100 to $110 per hour. KTD is attorney Karen Dunlevy. GMT is attorney Gretchen Treherne. KNY is presumably an attorney and DAR is presumably a paralegal.

| | | | | | |
|---|---|---|---|---|---|
| 8/3/12 | KTD | 3.3 | | | $924.00 |
| 8/27/12 | KTD | .8 | | | $224.00 |
| 9/1/12 | KTD | .8 | $224.00 | 50% | $112.00 |
| 9/8/12 | KTD | 7.3 | | | $2,044.00 |
| 9/10/12 | GMT | .8 | | | $200.00 |
| 9/10/12 | GMT | .9 | | | $225.00 |
| 10/10/12 | KTD | .9 | | | $252.00 |
| 10/11/12 | KTD | .7 | $196.00 | 50% | $98.00 |
| 10/15/12 | KTD | .4 | | | $112.00 |
| 10/19/12 | KTD | .9 | $252.00 | 75% | $189.00 |
| 10/23/12 | KTD | .4 | | | $112.00 |
| 10/31/12 | KTD | 1.2 | $336.00 | 25% | $84.00 |
| 11/3/12 | KTD | 5.2 | | | $1,456.00 |
| 11/4/12 | KTD | 3.4 | | | $952.00 |
| 11/5/12 | KTD | 6.5 | $1,820.00 | 75% | 1,365.00 |
| 11/5/12 | GMT | .8 | | | $200.00 |
| 11/5/12 | GMT | .5 | | | $125.00 |
| 11/6/12 | DAR | .4 | | | $44.00 |
| 11/6/12 | KTD | 7.0 | | | $1,960.00 |
| 11/6/12 | GMT | 1.2 | | | $300.00 |
| 11/6/12 | GMT | 1.0 | | | $250.00 |
| 11/6/12 | GMT | 3.5 | | | $875.00 |
| 11/8/12 | KTD | .3 | | | $84.00 |
| 11/19/12 | KTD | 5.1 | | | $1,428.00 |
| 11/20/12 | KTD | 7.0 | | | $1,960 00 |
| 11/21/12 | KTD | 6.0 | $1,680.00 | 75% | $1,260.00 |
| 12/4/12 | KTD | 5.5 | | | $1,540.00 |
| 12/5/12 | KTD | 5.0 | | | $1,400.00 |
| 12/13/12 | KTD | .3 | | | $84.00 |
| 12/27/12 | KTD | 2.8 | | | $784.00 |
| 12/31/12 | KTD | 3.0 | | | $840.00 |
| 1/2/13 | KTD | 5.7 | | | $1,596.00 |
| 1/3/13 | KTD | 2.2 | | | $616.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1/4/13 | KTD | 3.5 | | | $980.00 |
| 1/9/13 | KTD | 1.5 | | | $420.00 |
| 1/9/13 | KTD | 1.9 | | | $532.00 |
| 1/9/13 | KNY | .4 | | | $80.00 |
| 1/10/13 | KID | .9 | | | $252.00 |
| 1/11/13 | KTD | .6 | | | $168.00 |
| 2/7/13 | KTD | .4 | | | $112.00 |
| 2/7/13 | GMT | .8 | | | $200.00 |
| 2/8/13 | KTD | 5.7 | $1,596.00 | 10% | $159.00 |
| 2/27/13 | KTD | 1.5 | $420.00 | 25% | $105.00 |
| | | | | | |
| | | | | SUBTOTAL | $36,344.00 |

The Court has reviewed the expenses submitted by McCarthy for preparation and presentation of her fee application and finds that the following are reasonable:

| | | | | | |
|---|---|---|---|---|---|
| 8/3/12 | Expert | | | | $3,360.00 |
| 8/3/12 | Expert | | | | $377.00 |
| 9/12/12 | Expert | | | | $319.00 |
| 11/5/12 | Copies | | | | $8.00 |
| 11/5/12 | Expert | | | | $773.55 |
| 11/6/12 | Copies | | | | $28.80 |
| 12/10/12 | Research | | | | $111.24 |
| 12/10/12 | Research | | | | $23.66 |
| 12/12/12 | Transcript | | | | $305.00 |
| 12/13/12 | Expert | | | | $58.00 |
| 12/20/12 | Transcript | | | | $200.00 |
| 2/7/13 | Research | | | | $400.00 |
| | | | | | |
| | | | | SUBTOTAL | $5,964.25 |

API has noted objections to all but two (2) of the items requested. However, none of

API's objections are meritorious.

API argues that McCarthy has included "new" fees that were not presented to this Court for consideration earlier, and these "new" fees should not be considered. API identifies approximately twenty-eight (28) specific activities that fall into this category. However, whether or not the specific activities were previously identified to the Court is irrelevant. What is relevant is whether the specific activities are reasonable activities in the preparation and presentation of McCarthy's fee application.

API also identifies specific activities and argues that "McCarthy has not and cannot show that these [certain] activities related to the entries that this Court found eligible for consideration in its award." The Court earlier determined that activities related to the fee application preparation and presentation were not compensable. Therefore, the activities for which McCarthy now seeks reimbursement were not considered earlier. Whether the activities for which McCarthy now seeks reimbursement are related to the preparation and presentation of McCarthy's fee application is one of the issues the Court has decided above when determining reasonableness.

API also argues that online research is not recoverable. However, API provides no legal basis for this argument and the Court is unable to identify a legal basis for this argument.

Finally, API asserts that, "No one from Coolidge Wall ever testified in this matter. Non-recoverable." However, attorney David Pierce was employed at Coolidge Wall at the time and did testify in this matter.

## Summary and Conclusion

The Sixth Circuit remanded this matter for a determination of the attorneys' fees and

expenses that McCarthy incurred in preparing and presenting her fee application. McCarthy's fees and expenses for preparing her Motion for Sanctions and her fees and expenses for prosecution of her appeal of the earlier fee award are not considered. McCarthy is, however, awarded $36,344.00 for attorneys' fees and $5,964.25 for expenses, totaling $42,308.25 for preparation and presentation of her fee application.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Sixth Day of November, 2014.

s/Thomas M. Rose
_____
Thomas M. Rose
United States District Judge

Copies furnished to:

Counsel of Record